CALVIN GOODWIN, APPELLANT, v. MARY NELIN, RE-
SPONDENT.

*Contract for Sale of Real Estate—Voidable—Election of Vendor.*

Where, by the terms of the contract of purchase of real estate, if the vendee
fails to make payments at the time they become due, the contract is to be
void; and the vendee failing to make his payments, the vendor signifies his
election to treat the contract as void by bringing ejectment and recovering
possession of the premises, the contract is thereby avoided, and the title of the
vendee under said contract ceases.

*Wm. Tiffany* for Appellant.
*D. H. Marsh* for Respondent.

DAVIES, CH.J.—This action was originally commenced by
Jonathan Goodwin, who died, and by his last will and testament
gave all his right, title, and interest in the subject-matter in con-
troversy to the present Plaintiff, Calvin Goodwin; and the suit
has been continued in his name.

The complaint set forth that one Francis Hunt had a contract,
in writing, with one Albert G. Bristol, for the purchase of a piece
of land in the city of Oswego, for the sum of $500; that said
Bristol had covenanted and agreed with said Hunt that, on pay-
ment of said sum, and the interest thereon, he would convey the
said land to him by a good deed, in fee-simple; that said Hunt,
during his lifetime, had paid the whole amount of said purchase-
money, and had fully performed all the covenants on his part required
by said contract; that said Hunt took possession of said premises,
and retained possession thereof until his death; that upon his de-
cease the Defendant, Mary Nelin, a sister of said Hunt, took pos-
session of said premises, to the exclusion of the other heirs of said
Hunt, and retained the same. The complaint further stated that
proceedings had been instituted by the administrators of said Hunt,
before the Surrogate of Oswego county, for the sale of the real
estate of said Hunt; that such sale was ordered and had, and that

24

on such sale the said Jonathan Goodwin had become the purchaser thereof, and had received a deed therefor.

The Complainant prayed that the Defendant might be ordered and adjudged to deliver up said contract, and receipts therein mentioned ; might come to an account for all moneys paid by her on account of said purchase, if any ; might also account for the rent and profits of said premises, and might be decreed to deliver up the possession thereof ; or for such other relief as the said Plaintiff might be entitled to.

The action was tried by the Court, without a jury, and the following facts were found :

First. That said Francis Hunt, some time between the years 1845 and 1850, contracted to purchase of Albert G. Bristol, of Rochester, the piece of land mentioned in the complaint, on the north end of Block No. 86, in the city of Oswego, for the sum of $500, part of which was paid down, and the remainder was to be paid in yearly payments ; said Bristol to give a deed therefor on the payment of all the purchase-money at the times when the same became payable, according to said contract ; that the contract by its terms was to become void on failure *to pay according to its terms ;* and possession was taken of said lot by said Hunt. The purchase-money all became due before September 20th, 1852 ; and at that date there remained due and unpaid on said contract $200 of principal, besides interest, which moneys so due have not been paid or tendered to said Bristol, or to any one else.

Second. That said Francis Hunt died on the 16th of September, 1851, intestate, leaving Denis Nelin and Mary Nelin in possession of said lot ; that such proceedings were had before the Surrogate of Oswego county that, on the 11th day of May, 1853, letters of administration upon the estate of said Francis Hunt were issued to Catherine Oats and Thomas Hunt, they executing the usual bond in such case ; that such proceedings were thereafter had on the application of said Catherine Oats, before said Surrogate ; that afterward, on the 6th of February, 1854, the said Surrogate ordered said administratrix to sell and assign all the interest of said contract, subject to all payments that were to be-

come due thereon, after the granting of said order for the pay-
ment of the debts of said intestate ; that, before granting such
order, no bond was given, such as is required by the statutes, on
ordering the mortgaging, leasing, or selling of real estate of de-
ceased persons for payment of their debts; that on the 9th of
August, 1854, such bond was executed and acknowledged, and
marked by the Surrogate thus : " Approved, Aug. 9th, as of Feb-
ruary 6th, 1854 ; " that by virtue of said order of sale, said admin-
istratrix, on the 30th of September, 1854, sold said contract to
Jonathan Goodwin for $250; that on the 9th of October,
1854, said sale was confirmed by an order of said Surrogate ; that
neither on the proceedings for such sale, nor at any time, was any
other bond than the two mentioned made or executed, or filed
with said Surrogate.

Third. That on the 20th day of September, 1852, $200 of
principal, with interest, being due and unpaid on said contract,
the said Bristol declared said contract void, and commenced an
action of ejectment in the Supreme Court, for the recovery of the
possession of said lot, against the said Denis Nelin, and Mary
Nelin, his wife, the parties in possession of said lot; that such
proceedings were had in such action that, afterward, on the 30th
day of October, 1852, judgment was duly rendered in said action
in favor of the Plaintiff therein for the possession of said prem-
ises, and for $13.35 costs.

Fourth. That on the 15th day of June, 1853, the said Bristol
sold and conveyed the said lot to the said Defendant, Mary
Nelin.

And as matter of law the Court did find and decide that the
proofs did not sustain the action. Whereupon, the complaint was
dismissed, and judgment rendered for the Defendant ; and on
appeal the same was affirmed ; and the Plaintiff now appeals to
this Court.

Upon the trial the Defendant produced the judgment-roll in
the action of ejectment, in favor of Bristol, against said Denis
and Mary Nelin, and the Plaintiff objected that this constituted
no defence ; but the Court held that it did, unless obviated by

showing that it was fraudulent, to which the Plaintiff excepted. Plaintiff offered to show the declaration of the Defendant, to the effect that she had paid to Bristol the whole amount due upon the contract, and had received a deed from Bristol for the said premises; and also offered to show the assignment of demands to Goodwin against Francis Hunt, by his administratrix, and offered to prove the execution of a conveyance by said administratrix, dated October 9th, 1854, to said Goodwin, of all the interest of said Francis Hunt in said real estate, and in all contracts for the purchase thereof. All of which was excluded, and the Plaintiff excepted. The Plaintiff also excepted to the decision of the Court dismissing the complaint.

These exceptions present the only question for the consideration of this Court. Upon the facts found by the Court it is very clear that the Plaintiff had no standing in Court to impeach the title of the Defendant, Mary Nelin, to the lot in question. He certainly had no greater rights than were possessed by his grantor, the administratrix of Francis Hunt. If it be true, as found by the Court, that the contract, by its terms, had terminated, and Bristol had the right to declare it forfeited and terminated, as it is found he did, and proceeded to enforce his rights upon that basis, and did recover the possession of said premises, it is not seen why he had not a perfect right to sell the said premises to whosoever he pleased, and why the Defendant could not purchase the same, and acquire a perfect title thereto. Upon these facts, no title or interest remained to the estate of Francis Hunt, at the time of the initiation of the proceedings in the Surrogate's Court, to sell his real estate, or his interest in the said contract of purchase. By the terms of the contract, that interest had terminated on the 20th day of September, 1852; and on that day Bristol, by the act of commencement of the action of ejectment, elected so to regard it; and on the 30th day of October succeeding, obtained judgment in said action, and was therefore entitled to the possession of said premises. It is not pretended that said recovery was fraudulent or collusive. On the 15th of June, 1853, Bristol, then the owner of said premises,

sold and conveyed the same to the Defendant, Mary Nelin, for a valuable consideration, and this action is on the notice of an ejectment to recover such possession. It cannot be maintained, for the very obvious reason that the Plaintiff has shown no title to the premises claimed. He cannot recover upon the weakness of the Defendant's title, but upon the strength of his own. The title of the Plaintiff was acquired more than a year after the Defendant had received a deed for the premises in dispute from the conceded true owner thereof, and when she was in possession of said premises, and holding the same adversely to any title the Plaintiff had, or could have, from the representatives of Francis Hunt. If he had survived, he could not have set up any title to said premises until he had performed, or offered to perform, said contract on his part. This, neither the Plaintiff nor those from whom he derived title had ever done. If they had any right, or had acquired any under such contract, it could not be asserted or enforced, unless it was made to appear that they, or those under whom they claim, had performed the same, or had offered to perform on their part. They were clearly not entitled to a deed from Bristol until this was done. And as the Court had found, as a fact, that the money due upon this contract was never paid to Bristol, or tendered to him, or any one else, it is very apparent that the Plaintiff, or those under whom he claims, never had, or were entitled to have, a title to said premises.

If we assume that the Defendant succeeded to all the duties and responsibilities imposed by the contract upon Bristol, and that the Plaintiff has possessed himself of all the rights of Hunt under the contract, how then stands the Plaintiff's right to maintain this action? It cannot be contended, as already observed, that he has any greater or other rights under the contract than Hunt would have had if living. Before he or his assignor could have obtained title to the premises in question, by virtue of this contract, it was a prerequisite on his part that there should have been performance by him, or an offer to perform, and payment of the amount due, or tender of such payment. None of these things were done; and the Court has found the fact that the

moneys due upon the contract were never paid or tendered to Bristol, or to any one else. This latter branch of the finding is sufficiently comprehensive to include the Defendant. We thus see that the Plaintiff, and those under whom he claims, never had the title to said premises, and never were entitled, either legally or equitably, to such title. It follows, from these views, that the Court properly dismissed the complaint, and gave judgment for the Defendant, and that the exception to such decision is untenable. It is unnecessary, in this aspect of the case, to consider the exception taken to the admission and rejection of the testimony offered.

The exclusion of that offered, and the admission of that objected to, would not have improved the Plaintiff's case, and therefore these rulings worked no injury to him. Without intimating any doubt as to the correctness of the rulings made, it is only needful to add that the decision of the case does not call for any expression of opinion in regard to them.

The judgment appealed from should be affirmed, with costs. All concur.

Affirmed.

JOEL TIFFANY,
State Reporter.